**NOT FOR PUBLICATION**  **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LLOYD STABINER, et al., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | Civil Case No. 11-3782 (FSH) (MAH) |
| v. | **OPINION & ORDER** |
| UNITED STATES, | Date: December 9, 2011 |
| Defendant. | |

**HOCHBERG, District Judge**:

This matter comes before the Court upon Plaintiffs' Complaint seeking a refund of $9,079 for federal income tax liability for tax year 2004. Plaintiffs contend that Defendant will be unjustly enriched, absent a refund, because the Internal Revenue Service ("IRS") has received payments from Plaintiffs' employer pursuant to a settlement that are creditable to Plaintiffs' account with respect to Social Security Tax, Medicare Tax and Federal Withholding Tax. Plaintiffs contend that they are owed a refund based on an amended 2004 tax return filed in 2010. Plaintiffs do not, however, make any claim that they have personally paid, nor had payments actually withheld from salary that exceed the amount they properly owed to the IRS for the year in question.

Defendant seeks to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) as barred by the applicable statute of limitations; that it is an improper Declaratory Judgment

1

action; and for lack of standing.  The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.     BACKGROUND**

Plaintiff, Alice Stabiner,[1] was engaged as a part-time educational consultant by Australian United States Services in Education ("AUSSIE") in October 2004.  Plaintiff received a 1099-MISC for nonemployee compensation for the 2004 tax year and filed a 1040 tax return, reporting income earned on Schedule C, claiming certain expenses attributable to said income and establishing a Simplified Employee Pension ("SEP") plan[2] for the year ending December 31, 2004.  According to the IRS' records, the return was timely filed on April 15, 2005 and the taxes reported as due were fully paid at that time.

As a result of a subsequent audit of AUSSIE and a July 2009 settlement with the IRS, AUSSIE retroactively changed Plaintiff's status from that of an independent consultant to an employee for tax year 2004 and made a payment to the IRS.  Subsequently, AUSSIE issued Plaintiff a W-2 indicating nonemployee compensation as zero, a salary in the amount of $50,000 and credits in the amount of $16,325 representing withheld federal income, Social Security, and Medicare taxes.  Plaintiffs do not allege that the $16,325 was ever actually withheld from Mrs. Stabiner's pay.  Rather, it was paid by AUSSIE to the IRS as part of a settlement between AUSSIE and the IRS.  Plaintiffs were not parties to that settlement nor did they pay any additional taxes due as a result of that settlement.  All payments were made by AUSSIE for

---

[1]The Complaint was filed by Plaintiffs Lloyd and Alice Stabiner, husband and wife, who filed a joint tax return for 2004, but the allegations concern taxes paid on Mrs. Stabiner's income. Plaintiffs' brief in opposition to the motion to dismiss is signed only by "Lloyd Stabiner pro se." Mrs. Stabiner cannot be represented in this action by her husband.  Therefore, to the extent that she seeks to have Mr. Stabiner represent her, the Court will assume that she makes all of the arguments put forth by Mr. Stabiner.

[2]A self-employed individual can make tax deductible contributions to a SEP plan.

having incorrectly failed to account for Plaintiff as an employee rather than an independent contractor.

On July 19, 2010, Plaintiffs filed a Form 1040X, an amended federal income tax return, for tax year 2004, claiming a refund due in the amount of $9,079. In a letter dated August 9, 2010, the IRS denied Plaintiffs' request for a refund because their request was filed more than three years after their return. Plaintiffs filed an appeal which was denied on April 5, 2011.

Plaintiffs filed this action on June 29, 2011, seeking declaratory relief on a theory of unjust enrichment. The theory is quite novel in what it does not claim: Plaintiffs' Complaint does not claim that they are out of pocket any amount of money in overpayments to the IRS. Rather, Plaintiffs contend that they should be the beneficiary of the later funds paid by AUSSIE to the IRS rather than the IRS. To be sure, AUSSIE paid the IRS the $16,325 it should have withheld from Plaintiff's pay, but it never withheld that amount from Plaintiff. Thus, the Complaint makes no contention of harm to the Plaintiffs. Thus, this Court exercises its discretion not to entertain the declaratory judgment action to the extent that is the relief sought.[3] Additionally, to the extent that Plaintiffs seek a declaratory judgment regarding their federal tax filings, the Declaratory Judgment Acts does not permit this Court to hear such an action. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under [26 U.S.C. § 7428] . . . any court of the United

---

[3] The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a) (emphasis added), "not that it *must* do so." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (emphasis in original). "This text has long been understood to 'confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .").

The Complaint is written pro se by Plaintiff's husband (an accountant with whom she filed a joint return), and thus the nature of the relief sought is not as precisely stated as it could be. To the extent that any other relief is being sought, the following rulings apply.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations and citations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions

devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

## III.   DISCUSSION

Defendant seeks dismissal of this case on the theory that the Court lacks jurisdiction to issue a refund to Plaintiffs because their amended federal income tax return was filed after the three year statute of limitations period for refund claims had expired.  26 U.S.C. § 6511(a) provides that a "claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . . ."  Defendant contends that Plaintiffs failed to file a timely refund request pursuant to § 6511(a) since Plaintiffs filed the return and paid the taxes reported as due on April 15, 2005 and filed an amended tax return on July 19, 2010.

Plaintiffs request that the Court affirm that their amended return was timely filed pursuant to § 6511(a) and issue an order to compel the payment of their refund by the IRS. Plaintiffs first contend that this declaratory relief should be granted on the ground of unjust enrichment since Plaintiffs' filing of their original 2004 income tax return was based on knowledge they believed to be accurate.  Plainly, the type of relief requested by Plaintiff is equitable: "General principles of equity may not override statutory requirements for timely filing of tax refund claims." *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 527 (5th Cir. 1980).  As discussed, Plaintiffs fail to demonstrate any inequity.  Moreover, the Supreme Court has concluded that:

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counterindications.

*United States v. Brockamp*, 519 U.S. 347, 352 (1997).  "[T]hat a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar." *United States v. Dalm*, 494 U.S. 596, 610 n.7 (1990).

Notwithstanding certain exceptions explicitly provided for in § 6511, the United States cannot be sued once the statute of limitations has run on a refund claim.  *See* § 6511(d) (establishing special time limit rules for refunds related to operating losses, credit carrybacks, foreign taxes, self-employment taxes, worthless securities, and bad debts).  Plaintiffs' allegation of a reexamination of her employment status clearly does not fall under any explicit exception in § 6511(d).  Plaintiffs' argument that the applicable statute of limitation was extended to July 2011 as a result of payments made by AUSSIE in July 2009 as part of an audit settlement with the IRS is unpersuasive and lacks merit.[4]  Accordingly, to the extent that the Declaratory Judgment Act permits the Court to reach it, Plaintiffs' refund claim is time barred.

---

[4] There has been no allegation that the amount paid by AUSSIE to the IRS was ever withheld from Alice Stabiner's wages; thus those funds never actually belonged to Plaintiffs.  Since Plaintiffs seek a refund of the monies paid to the IRS in 2009 by AUSSIE, Defendant accurately argues that Plaintiffs lack standing for seek a refund of those employment taxes paid by AUSSIE.  *See* 26 U.S.C. § 6402(a) ("the Secretary, within the applicable period of limitations, may credit the amount of such overpayment . . . on the part of the person who made the overpayment").  Thus, any claim for the alleged overpayment can only be brought by AUSSIE as it is AUSSIE that made the 2009 payment to the IRS.

## IV. CONCLUSION & ORDER

For the foregoing reasons, **IT IS** on this 9th day of December, 2011, hereby

**ORDERED** that Defendant's motion to dismiss (docket # 4) is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.